UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AXEL HERNOE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 12-CV-0167-CVE-TLW |
| | ) |
| LONE STAR INDUSTRIES, INC., | ) |
| d/b/a BUZZI UNICEM USA, | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. # 17). Defendant Lone Star Industries, Inc., d/b/a Buzzi Unicem USA (Lone Star) argues that plaintiff's complaint is an "exercise in conclusory legal statements," and that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6). Dkt. # 18, at 1. Plaintiff responds that he has alleged enough facts to state plausible claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA), and he also argues that he has adequately stated a claim of intentional infliction of emotional distress under Oklahoma law.

I.

Alex Hernoe was employed by Lone Star. He states that is he is a 62 year old male of German descent. Dkt. # 2-1, at 4. Hernoe claims that he was qualified to perform his job as a maintenance manager and that he earned a satisfactory work record. Id. The petition contains two paragraphs describing the alleged workplace discrimination.

    10.    The defendant discriminated against the plaintiff based upon his age, sex and national origin. The discrimination included, but was not limited to, acts by agents of defendant threatening plaintiff regarding his origin, sex and age. Cathy Durham, Warehouse Supervisor, and LeRoy March, Special Manager carried out the threats. Other incidents occurred where plaintiff was either excluded from activities or harassed regarding his age and German descent.

    11.    Plaintiff reported the threatening behavior. No action was taken and plaintiff continues to feel threatened.

Id. Hernoe states that he exhausted his administrative remedies with the Equal Employment Opportunity Commission and received a notice of right to sue. On January 9, 2012, Hernoe filed this case alleging that Lone Star discriminated against him on the basis of his age, race, and gender and that Lone Star has committed the tort of intentional infliction of emotional distress under Oklahoma law.[1]

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil

---

[1]    Plaintiff's petition appears to have been prepared using a form pleading from another case, because he refers to "Plaintiff Al-Taweel" as the plaintiff asserting a gender discrimination claim. Dkt. # 2-1, at 5.

actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant argues that plaintiff's petition contains nothing more than conclusory allegations that are insufficient to state a claim, and the petition should be dismissed under Rule 12(b)(6). Dkt. # 18, at 4-6. Plaintiff responds that he has generally alleged that defendant engaged in threatening or discriminatory behavior, and he has adequately alleged his employment discrimination and tort claims against defendant. Dkt. # 21, at 4-5. If the Court finds that defendant's motion should be granted, plaintiff requests leave to file an amended complaint more clearly stating his claims.

In a recent case, Khalik v. United Air Lines, 671 F.3d 1188 (10th Cir. 2012), the Tenth Circuit explained how Twombly applies in employment discrimination cases. The plaintiff in Khalik alleged that she was the victim of workplace discrimination under Title VII and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA). The Tenth Circuit explained that Twombly created "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of

3

a cause of action, which the [Supreme] Court stated will not do." Khalik, 671 F.3d at1191 (quoting Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)). However, conclusory allegations of fact or law are not entitled to an assumption of truth and, in the context of an employment discrimination case, "general assertions of discrimination and retaliation, without any details whatsoever of events . . . are insufficient to survive a motion to dismiss." Id. at 1193. The Tenth Circuit found certain allegations to be conclusory and it disregarded the plaintiff's allegations that:

> (1) she was targeted because of her race, religion, national origin and ethnic heritage; (2) she was subjected to a false investigation and false criticism; and (3) Defendant's stated reason for the termination and other adverse employment actions were exaggerated and false, giving rise to a presumption of discrimination, retaliation, and wrongful termination.

Id. The Tenth Circuit accepted as true the following allegations:

> (1) Plaintiff is an Arab–American who was born in Kuwait; (2) Plaintiff's religion is Islam; (3) Plaintiff performed her job well; (4) Plaintiff was grabbed by the arm in the office; (5) Plaintiff complained internally about discrimination; (6) Plaintiff also complained internally about being denied FMLA leave; (7) Plaintiff complained about an email that described a criminal act; and (8) Defendant terminated Plaintiff's employment position.

Id. at 1193-94. These allegations were insufficient to state a claim because the plaintiff failed to give defendant adequate notice of the specific discriminatory conduct giving rise to her claims. Id. at 1194. Although every fact need not be known to the plaintiff at the pleading stage of the case, it was reasonable to assume that an employment discrimination plaintiff could describe how he or she was treated and assert some facts suggesting that any mistreatment was motivated by a discriminatory animus. Id. The plaintiff had not alleged anything other than conclusory allegations of workplace discrimination, and she had not stated a plausible claim under the Twombly standard.

As to plaintiff's employment discrimination claims, his factual allegations are precisely the kind of conclusory factual allegations that the Tenth Circuit found insufficient to state a claim in Khalik. At most, plaintiff alleges that two employees of defendant engaged in "acts . . . threatening plaintiff regarding his origin, sex and age" and that the unspecified threats were carried out. Dkt. # 2-1, at 4. He claims that he reported the threatening behavior but defendant took no action to prevent further discriminatory conduct. Id. He clarifies in his response to defendant's motion to dismiss that his Title VII and ADEA claims are based on a hostile work environment theory. Dkt. # 21, at 3. Title VII and the ADEA permit claims based on a hostile work environment theory and an employee must ultimately prove that "the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." MacKenzie v. City and County of Denver, 414 F.3d 1266, 1280 (10th Cir. 2005). The employee must show that the harassment or mistreatment was motivated by the employee's protected status. See Tademy v. Union Pacific Corp., 614 F.3d 1132, 1139 (10th Cir. 2008). Plaintiff has not alleged a plausible claim of discrimination under Title VII or the ADEA under a hostile work environment theory. Plaintiff does not describe the alleged threats in any detail, and he does not allege that the threatening behavior was so severe or pervasive that it created an abusive working environment. Plaintiff need not allege every threat or incident giving rise to his employment discrimination claims, but he must do more than make conclusory allegations that defendant's employees engaged in unspecified threatening behavior. Plaintiff's Title VII and ADEA claims should be dismissed without prejudice, but plaintiff may file an amended complaint realleging these claims.

Plaintiff also asserts a claim of intentional infliction of emotional distress under Oklahoma law. Oklahoma courts have recognized a cause of action for intentional infliction of emotional distress, also known as the tort of outrage. See Gaylord Entertainment Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998). The action is governed by the narrow standards laid out in the Restatement Second of Torts, § 46. Id. In Breeden v. League Services Corp., 575 P.2d 1374 (Okla. 1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

Id. at 1376. To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Schovanec v. Archdiocese of Oklahoma City, 188 P.3d 158, 175 (Okla. 2008) (quoting Computer Publ'ns, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002)). Under Oklahoma law, the trial court must assume a "gatekeeper role" and make an initial determination that the defendant's conduct "may be reasonably regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards." Trentadue v. United States, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law).

Plaintiff's petition simply recites the elements of a claim of intentional infliction of emotional distress, and he alleges no facts suggesting that defendant engaged in extreme and outrageous conduct or that he suffered severe emotional distress. The Supreme Court has plainly stated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

6

statements, do not suffice." Iqbal, 556 U.S. at 678. The Court also notes that "[Oklahoma] appellate courts have consistently found employment related facts . . . do not meet the § 46 criteria." Gabler v. Holder & Smith, Inc., 11 P.3d 1269, 1280 (Okla. Civ. App. 2000). Plaintiff's general allegations of workplace discrimination do not state a plausible claim of intentional infliction with emotional distress, and this claim should be dismissed without prejudice. However, plaintiff will be permitted to file an amended complaint realleging this claim if he believes that he can state sufficient facts to support a claim of intentional infliction of emotional distress.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. # 17) is **granted**. Plaintiff may file an amended complaint realleging his claims no later than **June 7, 2012**.

**DATED** this 31st day of May, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE